AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

MIDDLE District of ALABAMA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | |
| KIMBERLY LACHELLE MCCOY | ) | Case Number:   2:08cr143-01-MHT |
| | ) | |
| | ) | (WO) |
| | ) | |
| | ) | USM Number:   12520-002 |
| | ) | |
| | | John Dixon Keller |
| | | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)   3s, 9s, 14s, 19s, 21s, 28s, 32s-33s, 35s, 40s and 42s of the Superseding Indictment on September 12, 2008

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 1341 | Mail Fraud | April 30, 2008 | 3s |
| 18 USC 1344 | Bank Fraud | April 30, 2008 | 9s |
| 42 USC 408(a)(7)(B) | Fraudulent Use of Social Security Number | April 30, 2008 | 14s |
| 42 USC 408(a)(7)(B) | Fraudulent Use of Social Security Number | April 30, 2008 | 19s |
| 42 USC 408(a)(7)(B) | Fraudulent Use of Social Security Number | April 30, 2008 | 21s |

   The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   1s-2s, 4s-8s, 10s-13s, 15s-18s, 20s,   22s-27s, 29s-31s, 34s, 36s-39s, 41s, 43s-46s are dismissed on government's motion. and 1-11 (Original Indictment) dismissed on government's motion
   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 9, 2009
Date of Imposition of Judgment

*/s/ Myron H. Thompson*
Signature of Judge

MYRON H. THOMPSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

Date   3/13/2009

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1028A(a)(1) | Aggravated Identity Theft (Fraud with Identification Documents) | April 30, 2008 | 28s |
| 18 USC 1028A(a)(1) | Aggravated Identity Theft (Fraud with Identification Documents) | April 30, 2008 | 32s-33s |
| 18 USC 1028A(a)(1) | Aggravated Identify Theft (Fraud with Identification Documents) | April 30, 2008 | 35s |
| 18 USC 1028A(a)(1) | Aggravated Identify Theft (Fraud with Identification Documents) | April 30, 2008 | 40s |
| 18 USC 1028A(a)(1) | Aggravated Identify Theft (Fraud with Identification Documents) | April 30, 2008 | 42s |

AO 245B  (Rev. 09/08) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page 3 of 8

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

48 Months. This sentence consists of terms of 24 months on each of counts 3s, 9s, 14s, 19s, and 21s to be served concurrently, and terms of 24 months on each of counts 28s, 32s-33s, 35s, 40s, and 42s to be served concurrently with each other but **consecutively** to the terms imposed on counts 3s, 9s, 14s, 19s and 21s, so as to produce a total term of 48 months.

X   The court makes the following recommendations to the Bureau of Prisons:
    1. The court recommends that the defendant be designated to a facility where she can receive mental health treatment for her propensity to engage in fraud and to essentially lie.

☐   The defendant is remanded to the custody of the United States Marshal.

X   The defendant shall surrender to the United States Marshal for this district:
    X   at          12:00          X  p.m.           on          April 24, 2009          .
    ☐   as notified by the United States Marshal.

OR
X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    X   before 12 p.m. on    April 24, 2009          .
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
5 Years. This term This term consists of 5 years on count 9s, 3 years on counts 3s, 14s, 19s, and 21s, and 1 year on counts 28s, 32s, 33s, 35s, 40s, and 42s, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a mental health treatment program approved by her United States probation officer. The defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

2. The defendant shall provide the probation officer any requested financial information.

3. The defendant shall not obtain new credit or open any checking account without the approval of the probation officer.

4. The defendant shall not have access to social security numbers, credit card numbers or any type of funds in her employment without the approval of her supervising probation officer.

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,100.00 | $ | $ 60,344.08 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Barclays Bank<br>PO Box 8827<br>Wilmington, DE 19899 |  | $23,237.44 |  |
| Alabama Power<br>244 Dexter Ave.<br>Montgomery, AL 36104 |  | $280.24 |  |
| Tri Rivers Federal Credit Union (Formerly know as Montgomery Teacher's FCU) |  | $11,699.91 |  |
| Wachovia Bank<br>PO Box 2554<br>Birmingham, AL 35290 |  | $505.73 |  |
| Cato Credit<br>PO Box 34216<br>Charlotte, NC 24234 |  | $425.46 |  |
| **TOTALS** | $ | $ 60,344.08 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X the interest requirement is waived for the ☐ fine X restitution.

   ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dell Financial Services<br>12234 A North I-35<br>Austin, TX 78753 | | $5,262.23 | |
| Synovus Financial DBA CB&T<br>1137 1st Ave.<br>Columbus, GA 31901 | | $4,454.09 | |
| Chase Bank<br>4925 Independence Pkwy, 2nd Floor<br>Tampa, FL 33634 | | $512.82 | |
| Bank of America<br>135 Keys Ferry Street<br>McDonough, GA 30253 | | $7,615.39 | |
| CPS Security for Winn Dixie<br>PO Box 33698<br>San Antonio, TX 78265 | | $32.89 | |
| Checkpro Merchant Service LLC<br>for Church's Chicken<br>PO Box 757<br>Dothan, AL 36302 | | $16.00 | |
| Regions Bank<br>25 Washington Ave. 1st Floor<br>Montgomery, AL 36104 | | $2,925.05 | |
| Advanced Check Express-257<br>3 Holiday Drive<br>Montgomery, AL 36109 | | $776.25 | |
| Synovus Financial DBA Sterling Bank<br>1137 1st Ave.<br>Columbus, GA 31901 | | $2,230.00 | |
| Synovus Financial DBA Sterling Bank<br>1137 1st Ave.<br>Columbus, GA 31901 | | $370.58 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KIMBERLY LACHELLE MCCOY
CASE NUMBER: 2:08cr143-01-MHT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 61,444.08 due immediately, balance due

☐ not later than _____, or
☒ in accordance ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101. Any balance of restitution remaining at the start of supervision shall be paid at the rate not less than of $100.00 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.